REDMANN, Chief Judge,
dissenting.
This record shows that the curator bank was imprudent in letting expensive guard service continue too long. The trial judge was surely justified in admonishing the bank (“let’s get on the stick”) to proceed swiftly. But to remove the bank as curator, now that the guard service has ended, is to close the barn door after the horse is out. It may well be that, on interim or final accounting, the bank should be disallowed credit for the extra guard service caused by its breach of its duty of prudent administration. But that issue is not before us.
What is before us is whether the bank should be removed as curator. The two grounds alleged are the cost of the extra guard service and the delay in selling the corporeal movables.
As suggested above, the bank has not “cost” the estate the price of the extra guard service because the bank cannot be allowed to charge the estate for any service not reasonably necessary. No one suggests that the bank is not able to return (with interest) any amount it may owe. Nor is there the least hint of bad faith, self-dealing or the like.
The other alleged cause for removal is failure to sell swiftly the interdict’s corporeal movables. But the curator’s basic obligation is to “take possession of, preserve, and administer the [interdict’s] property,” C.C.P. 4262, made applicable by C.C.P. 4554. Art. 4262 adds that the curator has the obligation to act as a prudent administrator and is liable for damages for failure to do so. The question of whether and when assets should be sold (with court approval, C.C.P. 4310) is whether the sale is prudent administration. There is no general obligation upon a curator to sell the interdict’s movables. Failure to sell, or delay in selling, does not warrant removal of the curator unless it amounts to mismanagement of the interdict’s property, C.C.P. 4234.
In this case, the interdict’s movables included hundreds of art objects and many pieces of antique furniture. There were questions as to the best method of sale. Indeed — a significant circumstance in itself — the interdict’s wife, who now seeks the curator’s removal, herself wished to retain some objects at her home where she cared for the interdict as curator of his person. That matter was not settled until judgment of October 15, 1982.
The trial judge evidently concluded that the bank’s slowness was not such mismanagement as would justify its removal. All things considered, that conclusion is at least not manifestly erroneous. Substantial justice will be done by disallowing the unreasonable charges for guard service when that issue is presented.